McCafferty Hyundai Sales, Inc.          :
and The Kenneth F. Plunto              :
Family Trust,                          :
     Appellants          :
                         :
    v.                        :
                         :
Middletown Township Zoning Hearing     :
Board and Middletown Township and      : No. 88 C.D. 2022
Premier Media, LLC                     : Submitted: November 14, 2022


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY         FILED:  September 12, 2023

    McCafferty Hyundai Sales, Inc. (Hyundai) and The Kenneth F. Plunto Family Trust (Trust) (collectively, Appellants) appeal from the Bucks County Common Pleas Court's (trial court) January 11, 2022 order affirming the Middletown Township (Township) Zoning Hearing Board's (ZHB) decision that denied Appellants' permit appeal.  Appellants present two issues for this Court's review: (1) whether the trial court erred by affirming the issuance of a permit for a principal use within a right-of-way (ROW); and (2) whether the trial court erred by failing to conclude that the Township and Premier Media, LLC (Premier) (collectively, Appellees) disregarded the Township Zoning Ordinance (Ordinance) and engaged in unlawful contract zoning.[1]  After review, this Court reverses.

---

    [1] Although Appellants challenge the **trial court's** decision, this Court's review of a ZHB decision, where, as here, the trial court does not take any additional evidence, is limited to

The Trust owns property located at 1106 E. Lincoln Highway, Langhorne, Pennsylvania (Property). The Trust leases the Property to Hyundai, a Pennsylvania corporation that is the tenant-in-possession of the Property and operates an automobile dealership thereon. The Township is a second-class township located in Bucks County, Pennsylvania. Premier is a Pennsylvania limited liability company. On June 15, 2020, Premier entered into a lease agreement (Lease Agreement) with the Township for a portion of the Township-owned ROW at the corner of South Flowers Mill Road and United States (U.S.) Route 1. The ROW adjoins the Property leased by Hyundai. On that same day, the Township's Board of Supervisors approved the Lease Agreement. On June 29, 2020, in accordance with the Lease Agreement, Premier submitted a zoning permit application, along with applications for building and electrical permits (Permit Application) to the Township seeking approval to erect a 16-foot tall, 300-square foot, one-sided digital monument display billboard sign (Monument Display Sign)[2] within the ROW.

On July 28, 2020, the Township Zoning Department approved the Permit Application, finding that it met the requirements of Section 2811(D) of the Ordinance, Ordinance § 500-2811(D). On August 11, 2020, the Township granted

determining whether **the ZHB** abused its discretion or committed an error of law. *See Friends of Lackawanna v. Dunmore Borough Zoning Hearing Bd*., 186 A.3d 525, 531 n.6 (Pa. Cmwlth. 2018). "An abuse of discretion occurs where the [zoning hearing] board's findings are not supported by substantial evidence." *Id*. "Substantial evidence is such relevant evidence that a reasonable person would accept as adequate to support the conclusion reached." *Id*.

[2] The Ordinance defines a Monument Display [Sign] as:

> An internally illuminated structure with display or copy faces that use a visual communication technology [], such as light-emitting diodes [] or other internal light sources, to communicate municipal, civic or emergency messaging, on-premises advertising, and/or commercial off-premises advertising. A monument display shall be capable of remotely or automatically changing displays. The portion of the monument display structure where the messaging or advertising is displayed is called the "active area."

Ordinance § 500-2803; Reproduced Record at 332a.

the Permit Application and issued, among other permits, zoning permit No. BC-2020-001370 (Permit). On September 3, 2020, Appellants filed an appeal with the ZHB challenging the Township's issuance of the Permit to Premier. The ZHB held hearings on October 28, November 18, and December 10, 2020.[3] In addition to Appellants, the ZHB granted party status to the Township and Premier. On January 22, 2021, the ZHB denied Appellants' appeal. Appellants appealed to the trial court. On January 11, 2022, the trial court affirmed the ZHB's decision. Appellants appealed to this Court.

Initially, Section 2811(D) ("Signs permitted in commercial districts") of the Ordinance provides, in relevant part:

> Monument displays.
>
> (1) A monument display is permitted in the C Commercial District [(C District)] subject to the following regulations:
>
> (a) The monument display shall be located along Lincoln Highway (Business U.S. Route 1).
>
> (b) The monument display shall be located within:
>
> [1] Three hundred feet of the center of the intersection of Lincoln Highway (Business U.S. Route 1) and Oxford Valley Road ([State Route (]SR[)] 2029); or
>
> [2] Three hundred feet of the center of the intersection of Lincoln Highway (Business U.S. Route 1) and New Rodgers Road/Veterans Highway (SR 413).
>
> (c) A monument display may constitute another principal use on a lot.
>
> . . . .
>
> (i) Setbacks.

---

[3] The ZHB hearings were properly advertised, pursuant to notice published in the Bucks County Courier Times, a newspaper of general circulation in the Township, and pursuant to conspicuous posting of the property.

[1] Maximum setback from the legal or existing [ROW]. The nearest edge of the active area of a monument display shall be located no more than 35 feet from the edge of the legal or existing [ROW] of the roadway from which the monument display is intended to be primarily visible.

[2] Minimum setback from existing residences. A monument display shall be a minimum of 400 feet from any existing single-family detached residence at the time a monument display permit application is submitted.

Ordinance § 500-2811(D); Reproduced Record (R.R.) at 348a-349a.

Appellants first argue that the trial court erred as a matter of law, in affirming the issuance of a permit for a principal use within a ROW, where the plain language of the Ordinance allows and restricts principal uses only on a lot, such that a permit for a principal use in the ROW violated the Ordinance and required variances. Specifically, Appellants contend that the Permit for construction of a principal use on the contractually created 300-square foot segment of the ROW violated Sections 1502, 1503, 2808 and 2811 of the Ordinance, i.e., standards that a *lot* may be used or occupied for the following uses and no other, and that all uses in the C District meet the required *lot area* and required *lot width*. Appellees rejoin[4] that a use must only be located on a *tract of land*. Appellees maintain that because the ROW is a *tract of land*, the Monument Display Sign is a permitted use on the ROW within the C District.

This Court has explained:

When interpreting a zoning ordinance, we apply the rules of statutory construction, with the primary mission of determining legislative intent, which is best indicated by the plain language of the statute. We recognize that "[a zoning hearing board's] interpretation of its own zoning ordinance is entitled to great deference and weight." *Hafner v. Zoning Hearing [Bd.] of Allen [Twp.]*, 974 A.2d 1204, 1210 (Pa. Cmwlth. 2009). As a general matter, the courts afford the interpretation proffered by a zoning

[4] Premier filed a brief with this Court, which the Township joined thereafter.

4

> hearing board and/or a zoning officer some degree of deference. However, **if that interpretation is inconsistent with the plain language of the ordinance**, the "**interpretation carries little or no weight**." *Malt Beverage Distributors* [*v. Pa. Liquor Control Bd.*], 918 A.2d [171,] 176 [(Pa. Cmwlth. 2007) (en banc), *aff'd*, 974 A.2d 1144 ([Pa.] 2009)]. This is because "a zoning board is not a legislative body, and it lacks authority to modify or amend the terms of a zoning ordinance." *Greth Dev*[.] [*Grp.*]*, Inc. v. Zoning Hearing* [*Bd.*] *of Lower Heidelberg* [*Twp.*], 918 A.2d 181, 187 (Pa. Cmwlth. 2007).

*City of Clairton v. Zoning Hearing Bd. of the City of Clairton*, 246 A.3d 890, 909 (Pa. Cmwlth. 2021) (emphasis added; citations omitted).

The preamble to Section 1502 ("Use regulations") of the Ordinance states, in relevant part: "A building may be erected or used and **a lot** may be used or occupied for any of the following purposes and no other, provided that no use which is noxious or hazardous shall be permitted . . . ." Ordinance § 500-1502; R.R. at 307a (emphasis added). Further, Section 1503 ("Area, dimensional and design requirements") of the Ordinance provides, in relevant part:

> [U]nless a greater area or dimensional regulation is stated in [Section] []1502 [of the Ordinance], [u]se regulations, for a specific use, all uses in the C District shall meet the following requirements:
>
> A. **Minimum lot area**: 20,000 square feet.
>
> B. **Minimum lot width**: 100 feet.

Ordinance § 500-1503; R.R. at 318a (emphasis added). Lastly, Section 2808(A)(3) ("Permits; construction and maintenance; violations") of the Ordinance requires, in pertinent part:

> Before any permit is granted for the erection of a sign or sign structure, plans and specifications shall be filed with the Township, showing:
>
> . . . .

5

(e) The proposed location of the sign in relation to the boundaries of **the lot upon which it is to be situated**.

Ordinance § 500-2808(A)(3); R.R. at 339a (emphasis added).

Importantly, Section 202 of the Ordinance defines a **lot** as:

A parcel of land, used or set aside and available for use as the site of one or more buildings and any buildings accessory thereto or for any other purpose, in one ownership and not divided by a street, **nor including any land within the limits of a public or private street [ROW] upon which said lot abuts**, **even if fee to such [ROW] is in the owner of the lot**. A "lot" for the purpose of this chapter may or may not coincide with a lot of record.

Ordinance § 500-202; R.R. at 297a (emphasis added). A ROW is defined as "[l]and set aside for use as a street, alley or other means of travel." Ordinance § 500-202; R.R. at 301a.

The ZHB concluded:

23. [Appellants] provided no compelling evidence that the proposed sign did not comply with the requirements set forth in [Section] []2811[(D)] [of the Ordinance]. Instead, [Appellants] averred that the proposed [M]onument [Display Sign] did not comply with Section[] [][]2811[(D)(1)(c)] and (i)[(1)] [of the Ordinance], because it would be located within the [] Township [ROW], rather than on a lot. [*See* R.R. at 50a-158a.]

. . . .

27. The ZHB concludes there are no provisions of the Ordinance that state that monument display signs are prohibited from being in the ROW or that a use must be located on a "lot" or can only be located on a "lot".

. . . .

30. In sum, the Zoning Officer neither abused [his] discretion nor committed an error of law in denying the Application.

6

ZHB Dec. at 11-12.

However, a plain reading of Sections 1502 and 1503 of the Ordinance makes clear that **all uses** in the C District must satisfy the lot width and area requirements. *See* Ordinance §§ 500-1502, 500-1503; R.R. at 307a, 318a. Further, Section 202 of the Ordinance expressly states that a lot does not include any parcel of land "within the limits of a public or private street [ROW] upon which said lot abuts, even if fee to such [ROW] is in the owner of the lot." Ordinance § 500-202; R.R. at 297a. Moreover, a ROW is specifically defined as "[l]and set aside for use as a street, alley or other means of travel." Ordinance § 500-202; R.R. at 301a.

Because the ZHB's interpretation of the above-quoted Ordinance "is inconsistent with the plain language of the [O]rdinance, the [ZHB's] 'interpretation carries little or no weight.'" *City of Clairton*, 246 A.3d at 909 (quoting *Malt Beverage Distributors*, 918 A.2d at 176). Accordingly, the trial court erred in affirming the ZHB's issuance of the Permit for a principal use in a ROW.[5]

For all of the above reasons, the trial court's order is reversed.

_____
ANNE E. COVEY, Judge

---

[5] Given this Court's disposition of Appellants' first issue, it does not reach Appellants' remaining issue.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McCafferty Hyundai Sales, Inc.     :
and The Kenneth F. Plunto      :
Family Trust,                   :
            Appellants      :
                             :
         v.                :
                             :
Middletown Township Zoning Hearing :
Board and Middletown Township and  :   No. 88 C.D. 2022
Premier Media, LLC           :

# O R D E R

AND NOW, this 12th day of September, 2023, the Bucks County Common Pleas Court's January 11, 2022 order is reversed.

 

_____
ANNE E. COVEY, Judge